UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-336-RJC

| CHARLES WILLNGHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| LYNN SUMMERS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the record before the Court, the Plaintiff was an inmate housed in the Hoke Correctional Institution when he filed the complaint and it appears he was later transferred to Avery/Mitchell Correctional Center within the Western District. The NC DPS website reflects that Plaintiff was most recently incarcerated as a prisoner in Buncombe Correctional Institution until his release from incarceration on or about July 6, 2013.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 28 provides, in pertinent part, that in conducting this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To this end, the Court must determine whether the complaint raises

1

an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), however, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Section 1983 provides a remedy where a person acting under color of state law deprives a plaintiff of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a claim under Section 1983).

### III. DISCUSSION

First, Plaintiff offers no evidence that he has participated in the administrative grievance procedures available in the NC DPS. In fact, Plaintiff admits that he has not done so. (Doc. No. 1 at 3). Exhaustion under the Prisoner Litigation Reform Act ("PLRA") is mandatory. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Jones v. Bock, 549 U.S. 199, 211 (2007). Plaintiff's complaint could be dismissed for this reason alone.

Second, Plaintiff's allegations, such as they are, arose while he was incarcerated in Hoke Correctional Institution which is in Hoke County within the Middle District of North Carolina. This fact would make venue arguably improper in the Western District because the evidence and witnesses would likely be located in Hoke County.

Finally, the Court notes Plaintiff's extensive history of filing § 1983 complaints in this district and in the Eastern District. Notwithstanding the potential merits of Plaintiff's allegations in the present case, and subject to but one exception, the Court is bound to dismiss a complaint brought by a prisoner under § 1983, if that prisoner has had three previous § 1983 complaints dismissed for failure to state a claim, or on the grounds that it is frivolous or malicious. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see, e.g., Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407-10 (4th Cir. 2006).

The Court notes that Plaintiff has had three (3) prior Section 1983 complaints dismissed in the Eastern District of North Carolina, and that at least three (3) § 1983 cases have been dismissed in this district. See, e.g., (4:97-cv-323-GCM, Doc. No. 11) (dismissing § 1983 claim for failure to state a claim); (1:06-cv-362-GCM, Doc. No. 4) (dismissing § 1983 complaint as frivolous); (1:06-cv-006-GCM, Doc. No. 2) (noting Plaintiff's filing of nineteen (19) Section 1983 complaints in this district and in the Eastern District and dismissing under § 1915(g)).

In the present complaint, Plaintiff raises no credible allegations that he "is under imminent danger of physical injury" as required by § 1915(g). Further, Plaintiff has been released from the custody of the NC DPS so he cannot demonstrate the required imminent injury therefore he was bound to pay the full filing fee before he filed this complaint. The Court will therefore dismiss Plaintiff's complaint without prejudice to his ability to re-file the complaint and submit the full filing fee. See Green, 454 F.3d at 406-07 (noting the requirement that a

prisoner must tender "pre-payment in full of all filing fees if the plaintiff-prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claims for which relief may be granted . . .").

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice under the provisions of 28 U.S.C. § 1915(g). (Doc. No. 1).

The Clerk of Court is respectfully directed to close this case.

Signed: July 12, 2013

Robert J. Conrad, Jr.
United States District Judge